**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In the Matter of:<br><br>Wallace Davis<br><br>Debtor. | No. 16-11708<br>Chapter 13<br><br>Hearing Date: 5/11/2016<br>Hon. Jack B. Schmetterer |

**NOTICE OF MOTION AND MOTION TO DISMISS OR, ALTERNATIVELY, FOR RELIEF FROM STAY**

TO: Patrick S. Layng
M. Gretchen Silver
U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312.294.5900
ecf@tvch13.net

Wallace Davis Jr.
The Law Offices of Chad M. Hayward, P.C.
205 W. Randolph
Suite 1310
Chicago, IL 60606
312.867.3640
312.867.3647 (fax)
courtnotice@haywardlawoffices.com

**PLEASE TAKE NOTICE** that on **May 11, 2016** at **10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Jack B. Schmetterer, or any judge then sitting in his stead, in **Courtroom 682** at 219 South Dearborn, Chicago, IL 60604, and shall then and there present the **Motion to Dismiss or, Alternatively, for Relief from the Automatic Stay**, a copy of which is attached hereto and served upon you.

Respectfully submitted,

Select Commercial Assets, LLC

By: /s/ Pierre M. Cristache
One of its Attorneys

**CERTIFICATE OF SERVICE**

I served a copy of the foregoing NOTICE OF MOTION together with the MOTION To DISMISS OR, ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY upon:

Patrick S. Layng
M. Gretchen Silver
U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312.294.5900
ecf@tvch13.net

Wallace Davis Jr.
The Law Offices of Chad M. Hayward, P.C.
205 W. Randolph
Suite 1310
Chicago, IL 60606
312.867.3640
312.867.3647 (fax)
courtnotice@haywardlawoffices.com

via the electronic filing (ECF) system of the United States Bankruptcy Court for the Northern District of Illinois as a result of electronic filing made this 4th day of May, 2016,

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ Pierre M. Cristache
Pierre M. Cristache

Roetzel & Andress, LPA
20 S. Clark Street
Suite 300
Chicago, Illinois 60603
Tel: 312.580.1200
Fax: 312.580.1201

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In the Matter of:<br><br>Wallace Davis<br><br>Debtor. | No. 16-11708<br>Chapter 13<br><br>Hearing Date: 5/11/2016<br>Hon. Jack B. Schmetterer |

**SELECT COMMERCIAL ASSETS, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY**

Select Commercial Assets, LLC, ("SCA"), by and through its attorneys, Roetzel & Andress, LPA, moves this Honorable Court for an Order dismissing Debtor's, Wallace Davis ("Debtor"), Chapter 13 Bankruptcy or, alternatively, granting SCA relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and in support thereof, states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 11 U.S.C. §362, and Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois, Eastern Division.

2. Debtor was at the time of the transactions described below, the record owner of the real property commonly known as 2811 W. 5th Avenue, Chicago, IL 60612, 2800 W. Madison, Chicago, IL 60612, and 2746 W. Madison, Chicago, IL 60612 (the "Properties"). The Properties are each commercial property.

3. Debtor is indebted to SCA for which it claims a valid security interest in the Properties. Namely, SCA is the beneficiary and holder of:

   a. A promissory note executed by, *inter alia*, Debtor on November 15, 2005, in the original principal amount of $822,800.00 (the "Note"). A true copy of the Note is attached hereto as **Exhibit A**.

   b. A mortgage on 2811 W. 5th Avenue, Chicago, IL 60612, executed by Debtor on November 15, 2005 (the "5th Avenue Mortgage"), to secure repayment of the indebtedness due under the Note. A true copy of the 5th Avenue Mortgage is attached hereto as **Exhibit B**.

c. A mortgage on 2800 W. Madison, Chicago, IL 60612, executed by Debtor on November 15, 2005 ("2800 Madison Mortgage"), to secure repayment of the indebtedness due under the Note. A true copy of the 2800 Madison Mortgage is attached hereto as **Exhibit C.**

d. A mortgage on 2746 W. Madison, Chicago, IL 60612, executed by Debtor on November 15, 2005 ("2746 Madison Mortgage", and collectively with the 5th Avenue Mortgage and 2800 Madison Mortgage, the "Mortgages"), to secure repayment of the indebtedness due under the Note. A true copy of the Cook Third Mortgage is attached hereto as **Exhibit D.**

4. Foreclosure cases have been filed in the Circuit Court of Cook County for each of the Mortgages. Case No. 08 CH 44836 seeks foreclosure of the 2800 Madison Mortgage. Case No. 2011 CH 23745 seeks foreclosure of the 5th Avenue Mortgage. Case No. 2011 CH 23749 seeks foreclosure of the 2746 Madison Mortgage. On October 3, 2011, these three foreclosure cases were consolidated (collectively, the "Foreclosure Cases").

5. On December 13, 2013, all rights and interest in the Note and Mortgages were assigned to SCA. SCA established their rights and interest in the Note and Mortgage to the state court, which entered an Order on June 27, 2014 substituting SCA into the Foreclosure Cases as the party Plaintiff. A copy of the June 27, 2014 Order is attached hereto as **Exhibit E**.

6. On November 6, 2015, in each of the Foreclosure Cases, the state court entered an Order for Judgment of Foreclosure and Sale on the Note in favor of SCA and against the Debtor in the amount of $1,397,074.88 with per diem interest accruing at $181.91 per day.[1] A true copy of the Order of Judgment of Foreclosure and Sale in each of the Foreclosure Cases is attached hereto as **Exhibit F**.

7. Thereafter, the foreclosure sale for each of the Properties was schedule for April 6, 2016.

---

[1] As such, at the date of filing on April 5, 2016, Debtor owed $1,442,370.47 to SCA.

8. However, the Foreclosure of the Properties has been stayed automatically by operation of 11 U.S.C. § 362 of the Bankruptcy Code upon Debtors' filing of the Chapter 13 Petition on April 5, 2016, the day before the scheduled foreclosure sales.

***A. Wallace Davis' Chapter 13 Bankruptcy Should Be Dismissed.***

9. Pursuant to 11 U.S.C. § 109(e), In order for Debtor to qualify for a Chapter 13 bankruptcy, Debtor's secured debts must not exceed $1,184,200 at the time of filing.

10. As shown above, Debtor had over $1,400,000 in secured debt owed to SCA as evidenced by the Orders for Judgment of Foreclosure and Sale. (See Exhibit "E").

11. A judgment obtained against a debtor before the bankruptcy case is filed is binding in the bankruptcy not only as to the liability of the debtor, but also as to the amount of the debt. *In re Tomasevic,* 275 B.R. 86 (Bankr. M.D.Fla. 2001).

12. Consequently, the amount of secured debt owed to SCA by Debtor is not in dispute, and it exceeds the allowable secured debt amount pursuant to 11 U.S.C. § 109(e).

13. As a result, Debtor did not qualify for Chapter 13 at the time he filed this case, and it should be dismissed retroactively to the date of filing.[2]

***B. Alternatively, the Automatic Stay Should Be Retroactively Lifted as to SCA.***

14. Notwithstanding the fact that this matter should be dismissed, in the event that the case remains active, SCA is entitled to relief from the automatic stay retroactively to the date of filing on April 5, 2016.

15. Specifically, SCA is entitled to relief from the automatic stay under 11 U.S.C. Section 362(d) for the following reasons:

a. Debtor has defaulted under the Note and Judgment on the Note has been entered against the Debtor in the Foreclosure Cases.

---

[2] The basis for retroactively dismissing this case is explained in further detail below.

b. SCA lacks adequate protection of its interest in each of the Properties because they are all at risk of declining in value and outstanding property taxes are due.

c. Debtor has no equity in either of the Properties, as SCA reasonably believes that the current value of the Properties is less than the total payoff amount of the Note and Mortgages. The current cumulative value of the Properties does not exceed $800,000. The total amount due and owing to SCA on the Notes as of the date of Debtors bankruptcy filing is $1,442,370.47 as evidenced by the Orders for Judgment of Foreclosure and Sale. (See Exhibit "E").

d. The Properties are not necessary for an effective reorganization.

16. This Court has authority to order that the fourteen-day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable to the Order entered granting this Motion, and SCA so requests this Court to waive such provision.

17. Additionally, as mentioned above, the Debtor filed the instant bankruptcy case the day before the scheduled foreclosure sales for all of the Properties. SCA did not receive notice of the bankruptcy filing until after all three foreclosure sales had proceeded on the morning of April 6, 2016.

18. If a creditor who has no notice or knowledge of the bankruptcy filing takes action to sell its collateral, the bankruptcy court may find that retroactive relief from the automatic stay is warranted. Christian v. Citibank, F.S.B., 231 B.R. 288 (N.D.Ill. 1999); In re Syed, 238 B.R. 133 (Bankr. N.D.Ill. 1999). For instance, the equities often favor this action in situations such as when the debtor files bankruptcy on the eve of or moments before a sheriff's sale of the property under foreclosure or when the debtor does not advise the creditor, who proceeds to the foreclosure sale in good faith.

19. Retroactive relief from the automatic stay is appropriate in this situation because SCA acted in good faith and would be forced to reschedule and redo each of the foreclosure sales for the Properties.

20. The Required Statement to Accompany all Motions for Relief From Stay is attached hereto as **Exhibit G**. A Proposed Order is attached hereto as **Exhibit H**.

WHEREFORE, Select Commercial Assets, LLC, respectfully requests this Honorable Court enter an Order dismissing this case or, alternatively, pursuant to 11 U.S.C. § 362(d) retroactively modifying the automatic stay, and for such other and further relief as this Court may deem necessary and just.

Respectfully submitted,
Select Commercial Assets, LLC

By: /s/ Pierre M. Cristache
pcristache@ralaw.com

Pierre M. Cristache (ARDC #6289285)
Roetzel & Andress, LPA
20 South Clark Street, Suite 300
Chicago, Illinois 60603 / (312) 580-1200